Williams, J.
 

 dissenting. This cause hinges on whether Ferarra, an employee of the Wilkoff Company, was acting within the scope of his authority in operating the. crane which inflicted injury upon plaintiff.
 

 The Wilkoff Company owned a plant consisting in part of a large building equipped with a traveling crane. The John L. Joyce Company was constructing some pickling vats in this building and the Central Painting Company was working under an agreement with the Wilkoff Company for cleaning and painting in and about the building in which the crane was located.
 

 The authority of Ferarra to operate the crane as an employee of the Wilkoff Company may be either express or implied.
 

 There is evidence to show that a foreman of the John L. Joyce Company spoke to a person who appeared to be foreman of a gang of the Wilkoff Company’s employees digging ditches on the premises outside the building and asked of him that a man be sent to operate the crane. An unidentified man came to Ferarra and requested that he, Ferarra, operate the crane, to which request Ferarra responded. Ferarra testified that such unidentified man was not a “Wilkoff man”; but it is immaterial who conveyed the message from the foreman to Ferarra so long as it was delivered.
 

 From such evidence an inference of express authority could be drawn. This inference is reinforced by
 
 *161
 
 many other facts from which, standing alone, authority could be implied. The crane 'had been previously used by the.painting company to move scaffolding. Therefore it might well be considered available for urgent needs of others doing work on .the premises. In the same building were three buckets of about two cubic yards capacity which were filled with dirt and could be moved in a practicable way only by use of the crane. The Joyce Company had reached a point in its construction work where “more dirt was needed” before concrete could be placed in the vats, as must have been foreseen. The Joyce Company had no employee who could operate the crane and only two employees of the Wilkoff Company, who were trained to operate it or had operated it, were working that day. Concededly it must have been anticipated that one of these two employees of the Wilkoff Company would move the dirt by crane when occasion arose in the progress of the work, since the moving of the dirt by crane was necessary to accomplish the work being done and was in the interest of the Wilkoff Company.
 

 The day plaintiff was injured and before the injury was inflicted, Mike Lambrakis of the Central Painting Company told the master mechanic that the painters would be working that day in that building. The “boss of the crane operators” said there would be no work “on the crane” that day and it would be all right to “put him [plaintiff] on the track” and “go ahead.” Ferarra and the other craneman testified but did not relate such incident. The master mechanic was not called as a witness. The Wilkoff Company was in possession of the plant and in fact had itself moved steel by use of the crane on the morning of that day. The master mechanic and the “boss of the crane operators,” whoever he was, were about the premises and did nothing to prevent the crane from moving nearly 200 feet in violation of assurances before striking
 
 *162
 
 plaintiff. Giving such assurances show not only control of the crane at such time but also an intention and determination to keep that instrumentality' under control. But when the crane was moved for the purpose of transferring the dirt as a necessary step in the construction of the vats, there was no interference on the part of those exercising control on behalf of the Wilkoff Company. Eerarra had never been forbidden to engage in the operation of the crane. In these facts lies the implication of authority to serve his master to a useful end.
 

 With such a question as arises here the evidence must be given the interpretation most favorable to the plaintiff. Having placed such an interpretation upon the facts, we can only conclude that the trial court was warranted in submitting the cause to the jury.